AO 91, Rev. 11/82 (KNair Authorizing) **CRIMINAL COMPLAINT** # 10-204

## United States District Court

**DISTRICT:** Eastern District of Pennsylvania

**UNITED STATES OF AMERICA**
v.
**Harry Anderson**

**DOCKET NO.**

**MAGISTRATE'S CASE NO.** 13-44

FILED JAN 15 2013
MICHAEL E. KUNZ, Clerk
By ___ Dep. Clerk

Complaint for violations of 21 United States Code Section 841(a)(1), (b)(1)(C).

| NAME OF JUDGE OR MAGISTRATE | OFFICIAL TITLE | LOCATION |
|---|---|---|
| Honorable L. Felipe Restrepo | U.S. Magistrate Judge | Philadelphia, PA |

| DATE OF OFFENSE | PLACE OF OFFENSE | ADDRESS OF ACCUSED (if known) |
|---|---|---|
| 8/23/12, 11/14/12, 12/20/12 | Glenolden, Colwyn PA | 761 Bennington Road, Folcroft, Pennsylvania 19032 |

**COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:**

On or about August 23, 2012, on or about November 14, 2012, and on or about December 20, 2012, Harry Anderson knowingly and intentionally distributed a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

**BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:**

SEE AFFIDAVIT ATTACHED HERETO.

**MATERIAL WITNESSES IN RELATION AGAINST THE ACCUSED:**

Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge.

**SIGNATURE OF COMPLAINANT (official title)**
Michael A. Popolizio

**OFFICIAL TITLE**
Special Agent, Drug Enforcement Administration

Sworn to before me and subscribed in my presence.

**SIGNATURE OF MAGISTRATE** [1]
Honorable L. FELIPE RESTREPO, United States Magistrate Judge

**DATE:** 1/14/13

1) See Federal Rules of Criminal Procedure rules 3 and 54.

## AFFIDAVIT OF PROBABLE CAUSE FOR ARREST

I, Michael A. Popolizio, Special Agent (SA), United States Drug Enforcement Administration ("DEA"), Philadelphia, PA, being duly sworn, state:

### Introduction

1. I have been employed by DEA for approximately four years. Before that, I was employed as a Police Officer with the Schenectady (New York) Police Department. I have received specialized training from the DEA Academy in Quantico, Virginia, in the investigation and identification of narcotics traffickers. I have participated in numerous investigations and prosecutions of crimes involving the manufacture, possession, sale, and distribution of controlled substances, including methamphetamine, marijuana, heroin, prescription medication, cocaine powder and cocaine base, commonly referred to as "crack" cocaine, and the distribution of proceeds from illegal narcotics trafficking. I also have extensive training in narcotics investigations and law enforcement.

2. I am submitting this affidavit in support of a Complaint and Warrant for the arrest of Harry Anderson ("Anderson") of Folcroft, Pennsylvania, on charges of distribution of a controlled substance, methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

3. The information contained in this affidavit is based on the investigation conducted by law enforcement officers and agents, including agents of the United States Drug Enforcement Administration and the Bucks County District Attorney's Office's County Detectives. Since this affidavit is being submitted for the limited

1

purpose of establishing probable cause to arrest Anderson, I have not set forth every fact learned during the course of this investigation, but simply those facts which I believe are necessary to establish probable cause.

### Anderson's Criminal Record

4. On November 13, 1988, in Delaware County, Pennsylvania, Anderson was convicted of three counts of delivery of a controlled substance and was sentenced to 4-8 years in prison, with 5 years probation plus fines and costs of prosecution.

5. On April 18, 2000, Anderson pled guilty in the Eastern District of Pennsylvania to one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846, one count of distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), one count of use of a communication facility, in violation of 21 U.S.C. § 843(b), one count of managing a drug storage premises, in violation of 21 U.S.C. § 856(a)(2), and one count of possession of a firearm by a convicted felon 18 U.S.C. § 922(g)(1).

6. On May 10, 2000, the Honorable Harvey Bartle, III, United States District Judge for the Eastern District of Pennsylvania, entered a judgement and order of forfeiture against Anderson regarding: $68,000 in United States currency, including but not limited to $21,000 in United States currency seized from 6721-29 Upland St., Philadelphia, PA; 1 Remington 870 Express Magnum 12 gauge shotgun; 1 High Sierra .22 Caliber Revolver; 1 Cobray FMJ Ducktown .45 caliber pistol; 1 Colt MK IV .45 caliber pistol with 9 rounds; 1 Interarms .357

2

Magnum Series 80 with 6 rounds; and additional rounds of ammo seized from 6610 Doral St., Philadelphia, PA.

7. On October 13, 2000, the Honorable Harvey Bartle, III sentenced Anderson to 120 months imprisonment, eight years supervised release, and a $500 special assessment.

### Anderson's distribution of methamphetamine

8. On August 23, 2012, at approximately 10:40 p.m., while at the Burger King parking lot located at 501 S MacDade Boulevard, Glenolden, PA, surveillance officers/agents observed a DEA confidential source (hereinafter referred to as CS) arrive at the Burger King while D.R. and Anderson were standing in the parking lot, leaning on a 1998 Ford F-150, bearing a Pennsylvania license plate of YZS-4562 (this vehicle is registered to Harry Anderson, 761 Bennington Road, Folcroft, PA. 19032). Surveillance officers/agents then observed the CS exit the CS's vehicle and meet with D.R. and Anderson. The CS in a later interview related to officers/agents that D.R. provided the CS with a McDonald's bag; inside the bag was one (1) glassine bag containing approximately one once of a crystal like substance. Officers/agents conducted a field test of the crystal like substance, and the substance had a positive reaction for present methamphetamine.

9. On November 14, 2012, at approximately 8:20 p.m., officers/agents contacted the CS via cellular phone. The CS stated that the CS gave Anderson $3,600 in previously supplied official advanced funds (OAF) for one (1) ounce of methamphetamine. The CS stated that Anderson told the CS that he (Anderson)

was going to pick up the ounce of methamphetamine. The CS and Anderson agreed to meet at the Kmart Store located across the street from the McDonald's on MacDade Blvd. At approximately 9:20 p.m., while in the parking lot of a Kmart Store located at 600 MacDade Blvd, Glenolden, PA, officers/agents observed Anderson exit his Ford F-150 truck and approach the CS, who was standing outside the CS's vehicle. At approximately 9:36 p.m., officers/agents observed Anderson walk away from the CS and enter the Kmart while the CS re-entered the CS's vehicle and departed the area. At approximately 9:52 p.m., officers/agents followed the CS to a prearranged location where your affiant recovered a recording device and one (1) paper towel containing one (1) clear plastic baggie containing approximately one ounce of a clear crystal like substance. Officers/agents conducted a field test of the crystal like substance that Anderson had delivered, and this substance had a positive reaction for present methamphetamine.

10. On December 20, 2012, at approximately 11:00 a.m., officers/agents met the CS, at a prearranged location in Glenolden, PA. Officers/agents provided the CS with $3,600 of prerecorded OAF. At approximately 11:08 a.m., officers/agents observed the CS place a recorded phone call to Anderson at phone number 610-803-xxxx. During this conversation, the CS and Anderson agreed to meet later in the day at the vicinity of 3rd Street and Main Street, Colwyn, Pennsylvania. After the phone call, your affiant provided the CS with a recording/transmitting device. At approximately 11:21 a.m., the CS departed the

prearranged location. At approximately 11:38 a.m., surveillance officers/agents observed the CS arrive at 3rd Street and Main Street. Surveillance officers/agents next observed the CS's vehicle following Anderson's vehicle to the 100 block of Francis Street, Colwyn, PA. Surveillance officers/agents observed Anderson exit the F-150 while the CS exited the CS's vehicle. At approximately 11:38 a.m., surveillance officers/agents observed the CS and Anderson enter a garage on Francis Street, located in the rear property of 120 Main Street, Colwyn. At approximately 11:43 a.m., surveillance next observed the CS and Anderson exit the garage. At approximately 12:20 p.m., officers/agents followed the CS to a prearranged location. The CS gave DEA Special Agent Patrick Trainor the recording/transmitting device and one (1) clear plastic baggy containing approximately one ounce of a clear crystal-like substance. A sample was taken from crystal-like substance and field tested by SA Trainor with a positive test result for methamphetamine. Your affiant contacted the CS and the CS relayed the following information related to the CS's meeting with Anderson during the purchase of the approximately one ounce of methamphetamine. The CS stated that while inside the garage Anderson went over to a China closet, opened a drawer in the China closet and removed a plastic baggy containing methamphetamine. The CS stated Anderson gave the CS the methamphetamine in exchange for the $3,600 OAF.

5

## Conclusion

Based on the facts and circumstances described above, I have probable cause to believe that on or about August 23, 2012, on or about November 14, 2012, and on or about December 20, 2012, Harry Anderson knowingly and intentionally distributed a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

_____
Michael A. Popolizio
Special Agent,
United States Drug Enforcement Administration

Subscribed and sworn to before me this 14 day of January, 2013

_____
The Honorable L. Felipe Restrepo
United States Magistrate Judge

6